IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERRY RIDNOUR AND PATRICIA RIDNOUR,<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>  Defendant. | Civil Action No. 3:21-CV-00100-K |

## ORDER

Before the Court are Defendant Nationwide Mutual Insurance Company's Opposed Motion to Strike Plaintiffs' Retained Testifying Expert James Beneke (the "Motion") (Doc. No. 34), Plaintiffs' Response and Brief in Opposition to Defendant's Motion to Strike Plaintiff's Expert James Beneke (the "Response") (Doc. No. 37), and Defendant Nationwide Mutual Insurance Company's Reply in Support of Its Opposed Motion to Strike Plaintiffs' Retained Testifying Expert James Beneke and Objections to Plaintiffs' Response Evidence (the "Reply") (Doc. No. 43). The Court has carefully considered the Motion, the Response, the Reply, the associated briefs and appendices, and the applicable law. The Court concludes that Plaintiffs have not properly accompanied their Designation of James Beneke ("Beneke") with a written report per Federal Rule of Civil Procedure 26(a)(2). However, instead of striking Plaintiffs'

1

witness, the Court will give Plaintiffs until April 29, 2022, to submit an expert report from Beneke that complies with Rule 26(a)(2).

On November 15, 2021, Plaintiffs submitted their Expert Designations to Defendant via email. *See* Doc. No. 37-1 at 4. Beneke's Designation stated:

> This witness is a licensed public insurance adjuster and is expected to offer expert testimony and opinions based on his personal observations, inspection of the damage, photographic evidence, data collected during his site inspection and afterwards, his personal knowledge of reasonable and necessary costs of repairs and replacements in Dallas County Texas for property of similar size, shape and construction materials and damage, and his training, education, experience and knowledge with assessing property damage. This witness is expected to offer his opinion that the reasonable and necessary cost to replace and/or repair the damage to the Property caused by the tornado on October 20, 2019 is $704,068.76 as more specifically set forth in the attached documents hereto as Exhibit "D", and/or the actual, reasonable and necessary costs incurred to repair and rebuild Plaintiffs' Property.

*Id.* at 2. Exhibit D was Beneke's July 15, 2021 estimate. *See* Doc. No. 36 at 55-96. Plaintiffs admit this. Doc. No. 37 at 6. Plaintiffs later supplemented Beneke's estimate with a higher damages estimate on January 18, 2022—two days before Beneke was scheduled to be deposed. *See* Doc. No. 35 at 6; Doc. No. 36 at 97-162; Doc. No. 37 at 6.

For expert witnesses retained or specially employed to provide expert testimony, Rule 26(a)(2)(B) requires expert disclosures to be accompanied by a written report that must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or

2

>support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Beneke's estimates are not much more than numbers with limited context. Plaintiffs have failed to properly accompany their Designation of Beneke with a written report as required by Rule 26(a)(2). Even if the Court were to construe Beneke's Designation as part of his written report—as Plaintiffs urge the Court to do—the report would still fail to meet the requirements of Rule 26(a)(2) as it would (among other reasons) still lack both a complete statement of all of Beneke's opinions and the reasons for them and the facts or data considered by Beneke in forming his opinions.

The Fifth Circuit uses a four-factor test in determining whether a district court has abused its discretion in excluding or striking experts based on a party's failure to provide an adequate expert report. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Based on the current record, it appears to the Court that Plaintiffs would be hard-pressed to prove the amount of their damages without Beneke. So Beneke's testimony is very important to Plaintiffs' case. For that reason, the Court will give Plaintiffs until April 29, 2022, to submit an expert report from Beneke that complies with Rule 26(a)(2). This deadline will not be extended absent good cause and exigent circumstances, regardless of any agreement between the parties. The Court therefore **DENIES** Defendant's Motion without prejudice to refiling. However, Defendant should not read this Order as a limitation on its right to again

motion this Court with similar arguments or for any other relief Defendant deems necessary.

In preparing this new report, Plaintiffs and their expert should be keenly aware of the objections already raised by Defendant in its Motion, along with the fact that the Court entered an Order on this same date limiting the expert testimony of Dr. Witherspoon. Doc. No. 58.

**SO ORDERED.**

Signed April 19th, 2022.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE